**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLHOMA**

| | | |
|---|---|---|
| **(1)William R. Sutton, Trustee of** | ) | |
| **The Ruth Sutton Trust UID dated 3/4/77,** | ) | |
| **and (2)William R. Sutton, individually,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 12-CV-49-TCK-TLW** |
| | ) | |
| **(1)American Family Life Assurance Company** | ) | |
| **of Columbus (AFLAC), a foreign corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW William R. Sutton, Trustee of the Ruth Sutton Trust UID dated 3/4/77, ("Plaintiff"), and for cause of action against Defendant, American Family Life Assurance Company of Columbus ("AFLAC") alleges and states as follows:

1.    Plaintiff, William R. Sutton, is the surviving spouse of Ruth A. Sutton; the Trustee of The Ruth Sutton Trust UID dated 3/4/77 and resides in the Northern District of Oklahoma.

2.    Defendant, AFLAC is a foreign business corporation, doing business within the Northern District of Oklahoma.

3.    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiff's Oklahoma law claims pursuant to 28 U.S.C. 1367.

4.    Venue is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(a).

<u>First Caust of Action</u>
-Breach of Contract-

5.      Ruth A. Sutton, was issued a policy of insurance under AFLAC Cancer Policy #PE518394.  Ruth A. Sutton passed away on July 7, 2011.

6.      As reflected in the death certificate, Ruth's Immediate cause of death was Lung Carcinoma (lung cancer), approximately nine months from onset to death.

7.      On or about August 17, 2011, Plaintiff submitted completed forms, Claims Authorization to Obtain Information and Cancer Claim Forms to AFLAC.

8.      William Roy Sutton is named Personal Representative of the Estate of Ruth A. Sutton pursuant to the First Codicil to Last Will and Testament and is Trustee pursuant to that certain Amendment to Trust Indenture Creating the Ruth Sutton Trust upon the death of his wife, Ruth A. Sutton.

9.      Ruth A. Sutton suffered from Lung Cancer for approximately nine months. She traveled to The Mayo Clinic in Rochester, MN in November 2010, which is where she was first diagnosed. Subsequently, she was hospitalized at St. Francis Hospital in Tulsa, Oklahoma for a period during February and March 2011.

10.     Ruth A. Sutton again traveled to The Mayo Clinic in Rochester, MN for additional medical purposes.  Ruth A. Sutton elected not to have a biopsy performed due to the excessive risks involved. She only had a 40% change that her lung would not collapse, which would have left her in a vegetate state.

11.     Travel expenses to The Mayo Clinic in Rochester, MN were incurred two times during her illness. The first trip was from October 30, 2010 through November 11, 2010.  The second trip was from May 10, 2011 through May 20, 2011. The Mayo Clinic in Rochester, MN is 657 miles, one way, from Ruth A. Suttons' residence in Catoosa, Oklahoma. This would

2

calculate to a single round trip of 1,314 miles. Since Ruth A. Sutton traveled to Rochester twice

during this illness, her total mileage for the two trips would be 2,628 miles. Travel expenses also

included hotels for the periods October 30, 2010 through November 11, 2010 and May 10, 2011

through May 20, 2011. Enclosed are the three hotel receipts, totaling $2,750.58.

12.    Plaintiff enclosed documentation for the expenses of her last illness, including two

statements from The Mayo Clinic, one statement from St. Francis Hospital, various local doctors

and facilities, and St Francis Hospice, all totaling in excess of $90,000.00.

13.    By letter dated October 31, 2011, AFLAC denied the valid claim of Plaintiff.

Defendants acts and omissions were in breach of the contract.

Second Cause of Action<br>-Tortious Breach of Contract-

14.    Defendant's acts and omissions were in breach of the duty of good faith arising

from the parties' insurance agreement, and in reckless disregard of the rights of its insured.

15.    As a result of the Defendant's breach of contract and its breach of the duty of

good faith and fair dealing, Plaintiff is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against the Defendant in

excess of $75,000.00, including all sums due under the contract, compensatory and punitive

damages resulting from Defendants acts and omissions, prejudgment interest, costs, attorney

fees, and such other and further relief as the Court deems proper.

Respectfully Submitted,

Morrel, Saffa, Craige, P.C.

/s/ James R. Hicks
**James R. Hicks**, OBA No. 11345
3501 South Yale Avenue
Tulsa, Oklahoma 74135-8014
(918) 664-0800                663-1383 Fax
Email: jim@law-office.com

## CERTIFICATE OF SERVICE

The undersigned certifies on February 3, 2012, he filed the foregoing document with the

United States District Clerk via the CM/ECF system, which shall automatically serve a copy on the

following:

/s/ James R. Hicks
**James R. Hicks**

4